## Riedenauer, Appellant, *v.* McMahon.

*Negligence—Streets and highways — Contractors — Proximate cause—Evidence.*

In an action to recover damages for personal injuries caused by the upsetting of a coach upon which plaintiff was riding, it appeared that defendant was a contractor engaged in constructing a sewer at one side of a thirty-foot roadway, that the sewer and excavated material obstructed about nine or ten feet of the roadway, that some bricks were piled up on the opposite side of the roadway, and a few loose bricks were lying therein, but it did not appear

how long they had been there. When the coach reached that point a wheel struck one of the loose bricks, causing the wheel and pole of the coach to swerve somewhat and when the leading horses straightened out the pole broke and the accident followed. *Held,* (1) that the negligence of defendant could not fairly be inferred from these facts; (2) that the proximate cause of the accident was the breaking of the pole which must have been in an unsound condition; (3) a judgment of nonsuit was proper.

Argued Jan. 21, 1913. Appeal, No. 255, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1907, No. 3314, refusing to take off nonsuit in case of Louis P. Riedenauer and Mary Riedenauer, his wife, in their several respective rights, v. David McMahon. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a nonsuit which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was the refusal of the court to take off the nonsuit.

*Frederick J. Knaus,* for appellants, cited Mallory v. Griffey, 85 Pa. 275; Cohen v. P. & R. R. Co., 211 Pa. 227; Lehner v. Railways Co., 223 Pa. 208; Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583; Frazier v. Butler Boro., 172 Pa. 407; Sopherstein v. Bertels, 178 Pa. 401.

*Edmund Randall,* with him *M. J. McEnery,* for appellee, cited, Keeley v. Shanley, 140 Pa. 213.

OPINION BY MR. JUSTICE POTTER, March 31, 1913:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The de-

fendant was charged with negligence in leaving loose bricks in a roadway which it is alleged caused a coach upon which the plaintiffs were riding, to be upset. It appears from the evidence that at the time of the accident the plaintiffs were passengers riding upon the top of a brake drawn by a team of four horses along the Wissahickon Drive, in Fairmount Park. The defendant was a contractor engaged in building a sewer. At the point in question the roadway was about thirty feet in width. The trench in which the sewer was being constructed was on the right hand side of the road, and was about five feet in width. Excavated material was thrown out at the side of the ditch taking up four or five feet more. On the other side of the road some bricks were piled up, and between the pile of bricks and the trench a few loose bricks were lying in the roadway. It seems that when the coach reached the place in question it ran over a loose brick which caused one wheel and the pole of the vehicle to swerve somewhat, and when the leading horses straightened out the pole of the vehicle broke, and the coach being uncontrolled ran upon the pile of loose bricks and upset. The only reasonable inference to be drawn from the evidence is that the accident was due to the breaking of the pole. Manifestly if it had been in sound condition the slight swerve caused by the wheel striking a loose brick would not have broken the pole. As the trial judge said in entering the nonsuit the work upon the sewer was in active progress. There was no evidence to show how long the brick had been lying in the roadway. It may have fallen there immediately before the approach of the coach upon which the plaintiffs were riding. At most it would constitute but a slight impediment to the passage of a vehicle. At any rate, our examination of the evidence leads us to agree with the conclusion of the court below that negligence on the part of defendant could not fairly be inferred from the fact that in the progress of the construction work one or more loose bricks were permitted

to be in the roadway for a short time before a four-horse team approached the work. We do not find that anything more than this was shown.

The assignments of error are overruled, and the judgment is affirmed.